DISCIPLINARY PROCEEDINGS
PER CURIAM.
Respondent, G. Don Irby, commingled and converted client funds on one occasion by withholding from settlement proceeds an amount sufficient to pay the client’s medical expense, and, for a period of over five years, failing either to pay the medical provider or to return the funds to the client. Respondent never answered the formal charges and did not appear at the hearing before the hearing committee. The charges were proved by testimony before the hearing committee which recommended disbarment. The disciplinary board recommends to this court that respondent be disbarred. Respondent has filed no objection to the board’s report in this court.
*1155 Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, we agree with the board’s finding that respondent’s conduct violates Rules 1.3, 1.15 and 8.4(a) of the Rules of Professional Conduct. We also agree that under ABA Standard 4.1 and Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), disbarment is the appropriate sanction given the conceded fact that respondent knowingly converted client funds, caused actual injury to the client and has to this date failed to make restitution. Respondent’s conduct is sufficiently serious to warrant disbarment.
DECREE
Accordingly, it is ordered that respondent, G. Don Irby, be disbarred from the practice of law. Respondent is ordered to make restitution to the client, Darin Templet. In the event respondent applies for readmission, his payment of restitution or his efforts to make restitution will be considered. All costs of this proceeding are assessed against respondent.
DISBARMENT ORDERED.
MARCUS, J., not on panel.